UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>OSBALDO ARCEO and HUFFAKER HILLS UNIT NO. 2 RESIDENCE ASSOCIATION,<br><br>Defendants. | Case No. 3:17-cv-00397-LRH-WGC<br><br>ORDER |

This matter centers on a nonjudicial-foreclosure sale conducted in 2014 under Chapter 116 of the Nevada Revised Statutes ("NRS"). After the foreclosure sale, the Ninth Circuit struck down the notice scheme employed by NRS 116.3116 *et seq.* as facially unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). Plaintiff Federal National Mortgage Association ("Fannie Mae") now moves for summary judgment on its declaratory relief claim against defendant Huffaker Hills Unit No. 2 Residence Association ("Huffaker Hills"). ECF No. 1. No opposition was filed.

While the *Bourne Valley* decision supports Fannie Mae's position, the court denies the motion for summary judgment without prejudice because Fannie Mae relies on allegations contained in its complaint and disputed in Huffaker Hills' answer rather than sufficient evidence.

/ / /

/ / /

1

## I. BACKGROUND

In 2007, Ana Ramirez (a non-party) obtained a loan to purchase a property located at 7529 Bluestone Drive, Reno, Nevada.[1] ECF No. 1, Exs. 1, 3. This transaction gave rise to a deed of trust on the property, which was recorded in Washoe County, Nevada. ECF No. 1, Ex. 3. The deed of trust designated Mortgage Electronic Registration Services, Inc. ("MERS") as the beneficiary. *Id.*

Fannie Mae alleges that it became the beneficiary under the deed of trust one month later. ECF No. 24 at 3 (citing ECF No. 1 at ¶ 24). Huffaker Hills denied the allegation in its answer to the complaint based on having insufficient knowledge of the fact. ECF No. 10 at ¶ 12.

In 2013, a foreclosure deed upon sale was recorded against the property. ECF No. 1, Ex. 8. Huffaker Hills had foreclosed on the property as a result of delinquent HOA fees. ECF No. 1, Ex. 5–8. Osbaldo Arceo purchased the property at the foreclosure sale. *See* ECF No. 1, Ex. 8.

Because the foreclosure sale purportedly extinguished the deed of trust on the property under which Fannie Mae was allegedly the beneficiary, Fannie Mae sues Huffaker Hills.[2] ECF No. 1. It asserts a single claim against Huffaker Hills, which seeks an order declaring that the deed of trust continues to encumber the property because NRS Chapter 116 deprived Fannie Mae of its due process rights under the United States Constitution.[3] ECF No. 1. Fannie Mae now moves for summary judgment on the claim. ECF No. 24.

## II. LEGAL STANDARD

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary

---

[1] The court takes judicial notice of the publicly-recorded documents attached to the complaint and cited in Fannie Mae's motion. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)) (stating matters of public record may be judicially noticed unless the matter is a fact in reasonable dispute).

[2] Fannie Mae also sued Osbaldo Arceo, asserting multiple claims against him in addition to seeking declaratory relief. ECF No. 1. But the court will not discuss the claims against Arceo due to the default judgment entered against Arceo in February 2018. *See* ECF No. 28.

[3] NRS Chapter 116 governed the foreclosure sale. *See* ECF No. 1. The statutory scheme has since been amended.

2

1  judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See Id.* at 252.

**III.  DISCUSSION**

Fannie Mae moves for summary judgment on its claim for declaratory relief against Huffaker Hills, relying on the *Bourne Valley* decision. ECF No. 24. Through the claim, Fannie Mae seeks an order declaring that the foreclosure sale did not extinguish the deed of trust to which Fannie Mae is the current beneficiary. ECF No. 1.

The court agrees that *Bourne Valley* would entitle Fannie Mae to summary judgment on its declaratory relief claim if Fannie Mae was the beneficiary under the deed of trust as it alleges. But Fannie Mae has yet to prove it became the beneficiary under the deed of trust. While it alleged so in its complaint at paragraph 24, Huffaker Hills disputed the fact in its answer in paragraph 12. Fannie Mae has not resolved the fact by presenting other evidence such as an assignment of the deed of trust. To be entitled to the declaratory judgment it seeks, Fannie Mae must first provide evidence proving its status as the beneficiary. *See Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972) (requiring an actual controversy between parties with adverse legal interests). It may not rely on a disputed allegation within the pleadings. The court therefore denies Fannie Mae's motion without prejudice.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Federal National Mortgage Association's motion for summary judgment (ECF No. 24) is **DENIED without prejudice.**

IT IS SO ORDERED.

DATED this 24th day of May, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE